IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK11-40529-TJM |
| | ) | |
| DANIEL L. KOCH, | ) | CH. 13 |
| | ) | |
| Debtor(s). | ) | |

## ORDER

Hearing was held in Lincoln, Nebraska, on January 4, 2012, regarding Fil. #56, Amended Motion for Relief from Stay, filed by Wells Fargo Home Mortgage as Servicer for Wells Fargo Bank, National Association; Fil. #57, Amended Motion for Relief from Co-Debtor Stay, filed by Wells Fargo Home Mortgage as Servicer for Wells Fargo Bank, National Association; Fil. #59, Objection to Amended Motion for Relief from Stay and Amended Motion for Relief from Co-Debtor Stay, filed by the debtor; and Fil. #99, Status Report, filed by Jonathon Burford on behalf of Wells Fargo Home Mortgage as Servicer for Wells Fargo Bank, National Association. James Bocott appeared for the debtor; Jeffrey Spector appeared for Wells Fargo Home Mortgage, and Jennifer Andrews appeared as attorney of record for Wells Fargo Home Mortgage in Adversary Proceeding No. 11-4058, Koch v. TMS Mortgage, Inc.

Wells Fargo Home Mortgage has filed a motion for relief from the automatic stay in this Chapter 13 case. It desires relief so that it can proceed with foreclosure of a deed of trust. It claims to be the owner of the note which is secured by the deed of trust.

Wells Fargo was not the original lender. The original lender was TMS Mortgage, Inc., d/b/a The Money Store. Wells Fargo claims that, at a certain point in time, the note was transferred to it and it has the authority to enforce the note and foreclose the deed of trust..

The debtor has challenged the Wells Fargo position that it is the owner of the note and has objected to the proof of claim..

The court requested counsel for Wells Fargo to verify that Wells Fargo held the original note. In response, Wells Fargo filed Fil. #99, a statement of counsel for Wells Fargo with an attached affidavit which is entitled "Affidavit of Lost Note." The affiant claims to be a "Vice President Loan Documentation of Wells Fargo Bank, N.A." The affiant also claims that Wells Fargo is the lawful owner of the note and that it has not cancelled, altered, assigned or hypothecated the note. In paragraph 4 of the affidavit, the affiant states:

> The Note or an agreement executed by the borrower that modifies the note ("Modification Agreement") was not located after a thorough and diligent search which consisted of the following actions: Searched US Bank custodian, Bank of New York custodian, internal vault locations, box storage and origination file.

Paragraph 5 then states, "Attached hereto is a true and correct copy of the fully executed Note, endorsed in blank by Lender or the fully executed Modification Agreement, as applicable."

Paragraph 6 states, "The original Mortgage or Deed of Trust (or certified copy from the county recorder's office only in jurisdictions that maintain a policy of not returning the originals) which secures the Note is contained in Lender's mortgage file."

The problem with this affidavit is that it is simply a form. In paragraph 3, the affiant states, "Lender is the lawful owner of the Note . . . ." The affiant states that to be the truth with no foundation whatsoever and no reference to the manner in which Wells Fargo obtained the note, no copy of any type of agreement to purchase the note, and no explanation of where the copy of the note which is attached to the affidavit came from. The statement in paragraph 4 refers to the "Note or an agreement executed by the borrower that modifies the note." Since there is no discussion anywhere of the modification agreement, that language is surplus in the form. Paragraph 5 which refers to the copy of the note attached once again refers to the possibility that rather than it being a note, it is a modification agreement. It is obvious that this is a form which the affiant did not even bother to modify to fit the facts of this case..

Paragraph 6 supports the determination that this affidavit is a form and that the affiant has no foundation for requesting this court or any other court to treat this as an affidavit of the lost note. It refers to the original mortgage or deed of trust or a certified copy from the county recorder's office under certain circumstances and claims that the original mortgage or deed of trust or certified copy is contained in the Wells Fargo mortgage file. If that was true, the affiant would necessarily have looked at the loan file and ascertained whether it was an original mortgage, an original deed of trust or a certified copy of one or the other.

This affidavit was provided in support of Wells Fargo's position that it has the right to enforce the note and therefore to foreclose upon the deed of trust. However, in Nebraska, more than such a weak affidavit is necessary in support of a lost note request.

The party attempting to enforce the note has to prove the elements of U.C.C. § 3-309 by clear and convincing evidence. See Fales v. Norine, 644 N.W.2d 513 (Neb. 2002):

> In an action to recover upon lost, destroyed, or stolen instruments, the plaintiff must prove the elements of the claim by clear and convincing evidence. Castellano v. Bitkower, 216 Neb. 806, 346 N.W.2d 249 (1984). An instrument means a negotiable instrument under Neb. U.C.C. § 3-104(a) (Reissue 2001), which is an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, at a definite time or on demand. See § 3-104(a). (setting forth additional definitions and conditions). . . . [T]he enforcement of the notes is governed by § 3-309. Section 3-309(a) provides:
>
>> A person not in possession of an instrument is entitled to enforce the instrument if (i) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred, (ii) the loss of possession was not the result of a transfer by the person or a lawful seizure, and (iii) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

644 N.W.2d at 518-19.

Wells Fargo will be given another chance to prove that at some point in time it was in lawful possession of the note in question and that the note is apparently lost. Copies of documents in the

loan or mortgage file obtained contemporaneously with the purchase of the note may be helpful, if testified to by a competent witness who is not simply signing a form. Detailed evidence of a purchase agreement and the date of such agreement would also be helpful.

The bankruptcy court is not the foreclosure court, but in order for a creditor to obtain relief from the automatic stay, the creditor has to be able to prove to this court that it has a valid interest in the debt and the instrument securing the debt. Until Wells Fargo provides adequate proof, relief will not be granted.

IT IS ORDERED: Wells Fargo's amended motions for relief from the stay and co-debtor stay (Fil. Nos. 56 and 57) are deferred. Additional evidence or a status report is due by June 25, 2012.

DATED:    May 30, 2012

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    James Bocott
    Jeffrey Spector
    Jennifer Andrews
    *Jonathon Burford
    Kathleen Laughlin
    U.S. Trustee

* Movant is responsible for giving notice to other parties if required by rule or statute.